# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | |
| Subject Premise 1: The residence of Glen Cobb & Chaluay Namnard, 8385 Bomberos Court, Las Vegas 89113 | 2:13–mj–00947–VCF |
| Subject Premise 2: The residence of Charles & Anna Cobb, 8365 Bomberos Court, Las Vegas 89113 | 2:13–mj–00948–VCF |
| In the Matter of the Seizure of Any and all funds in TD Ameritrade Account #862-702215 in the name of Charles W. Cobb & Ana M. Cobb TRS FBO Irrevocable Trust UA Jun. | 2:13–mj–00951–VCF |
| In the Matter of the Seizure of any and all Funds in Bank of America Account #501003695610 in the name of Glen Cobb | 2:13–mj–00954–VCF |
| In the Matter of the Seizure of any and all Funds in TD Ameritrade account #866-220739 in the name of Monica Namnard | 2:13–mj–00953–VCF |
| In the Matter of the Seizure of any and all Funds in USAA bank account 550-5645-8 held in the name of Glen Cobb | 2:13–mj–00961–VCF |

**ORDER TO CONSOLIDATE**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Cam Ferenbach. (ECF Nos. 11, 11, 15, 15, 15, and 15). Judge Ferenbach recommends consolidating Movant Glen Cobb, *et al.'s* six Rule 41(g) motions into a single civil action and denying the government's motion to dismiss. For the reasons discussed below, the court

Page 1 of 5

(1) defers ruling on Judge Ferenbach's Report and Recommendation that the government's motion to dismiss be denied and (2) accepts and adopts Judge Ferenbach's Report and Recommendation that Cobb's actions be consolidated.

I. **BACKGROUND**

This matter involves an "anomalous" proceeding in which a person aggrieved by a search and seizure may commence a civil action by filing a motion under the Federal Rules of Criminal Procedure. In these proceedings, the court's jurisdiction is rooted in equity, court procedure is governed by the Federal Rules of Civil Procedure, the defendant is the United States Attorney, and the substantive law considers whether the government's deprivation of the movant's property is reasonable under the totality of the circumstances. *See* Fed. R. Crim. P. 41(g) Advisory Comm. Notes, 1989 Amends.; *see also Lord v. Kelley*, 223 F. Supp. 684 (D. Mass. 1963), *aff'd*, 334 F.2d 742 (1st Cir. 1964), *cert. denied*, 379 U.S. 961 (1965) (discussing the "anomalous" Rule 41(g) proceedings).

Here, Glen Cobb, Charles Cobb, Anna Cobb, and Monica Namnard challenge six seizures that occurred on December 9, 2013. The seizures were executed pursuant to warrants issued in the following matters: 13–mj–947, 13–mj–948, 13–mj–951, 13–mj–954, 13–mj–953, 13–mj–961. By February 24, 2014, the government had not criminally charged the Cobbs or commenced civil forfeiture actions against the seized property. Consequently, the Cobbs filed six Rule 41(g) motions to return property under the Federal Rules of Criminal Procedure.[1] To

---

[1] In four of the matters—(i.e., 13–mj–951, 13–mj–954, 13–mj–953, 13–mj–961)—Cobb styled his Rule 41(g) motions for return of property as motions to vacate the Government's seizures. (*See* ECF No. 1). Briefing for both parties in these matters state that the motions are Rule 41(g) motions.

date, the government has not charged the Cobbs or instituted a public civil forfeiture action against the seized property. Under these circumstances, when a Rule 41(g) motion is made, the motion is converted into a civil complaint requesting equitable relief. *Goodman v. United States*, 369 F.2d 166, 168 (9th Cir. 1966); *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993) (citing *Matter of Search of Kitty's East*, 905 F.2d 1367, 1370 (10th Cir. 1990)).

On May 15, 2014, Judge Ferenbach held a status conference. During the conference, the parties stipulated that Cobb's motions are civil complaints that should be consolidated into a single civil action. Judge Ferenbach subsequently entered a Report and Recommendation memorializing the parties' oral stipulation and advising this court to consolidate Cobb's actions and assign it to a U.S. District Court Judge and U.S. Magistrate Judge responsible for further proceedings in accordance with the Federal Rules of Civil Procedure.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 42 governs consolidation. Rule 42(a) provides, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). District courts enjoy "broad discretion" in determining whether consolidation is appropriate. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *but see Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961–62 (9th Cir. 2001) (stating that the court's discretion is limited by the defendant's Seventh Amendment right to a trial by jury). When exercising its broad discretion, the court must "weigh the saving of time and effort consolidation would produce against any

inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

## III. DISCUSSION

During the court's May 15, 2014 status conference, the court discussed the issue of consolidation and obtained an oral stipulation from the parties that the six matters underlying Cobb's civil action should be consolidated. The parties stated that consolidation would simplify proceedings and avoid the inefficiencies involved with submitting filings under six separate cases, which request the same relief. This warrants consolidation. *See, e.g.*, *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (discussing prior, but substantially identical version of Rule 42 and stating that it is appropriate to consolidate cases to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence.").

In light of the parties' stipulation and the facts that Cobb's six complaints arise out of the same transaction or occurrence, request the same relief, and involve identical questions of law and fact,[2] the court consolidates the following matters into a single civil action: 13–mj–947, 13–mj–948, 13–mj–951, 13–mj–954, 13–mj–953, 13–mj–961.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Court **DEFERS** ruling on the portion of the Report and Recommendation that relates to the government's motion to dismiss.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF Nos. 11, 11, 15, 15, 15, and 15) advising consolidation is **ACCEPTED and ADOPTED**. The six underlying

---

[2] The warrant affidavit involved in each matter is the same.

matters—(i.e., 13–mj–947, 13–mj–948, 13–mj–951, 13–mj–954, 13–mj–953, 13–mj–961)—are hereby **CONSOLIDATED** under the case name *Glen Cobb, Charles Cobb, Anna Cobb, and Monica Namnard v. Daniel G. Bogden, U.S. Attorney for the District of Nevada*.

**IT IS FURTHER ORDERED** that this civil action is referred to the Clerk of Court for **RANDOM ASSIGNMENT** to a United States District Court Judge for all further proceedings.

**IT IS FURTHER ORDERED** that this case is assigned to U.S. Magistrate Judge Cam Ferenbach for all further proceedings.

**IT IS FURTHER ORDERED** that the action will remain **SEALED** until **FRIDAY, MAY 30, 2014**, unless the government demonstrates why the action should remain sealed under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

**IT IS SO ORDERED.**

DATED this 16th day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court